**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01731-AGF |
| | ) | |
| DESOTO CITY COUNCIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Joseph Michael Devon Engel for leave to commence this civil action without prepayment of the required filing fee.[1] Based on the financial information provided by plaintiff, the motion will be granted, and the Court will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

---

[1] Plaintiff has not submitted a separate motion for leave to proceed in forma pauperis, nor has he paid the filing fee. However, in the body of his complaint, plaintiff states: "[Application] to proceed without paying fees or costs[.] I am at ERDCC [and] I only get $5.00 dollars a month[.] I'm going to be my own lawyer." (Docket No. 1 at 2). The Court has construed this as a motion for leave to commence this civil action without prepayment of the required filing fee.

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information provided by plaintiff, the Court will require him to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri.[2] Since September 9, 2020, he has filed over 130 cases in the United States District Court for the Eastern District of Missouri.

---

[2] In his handwritten complaint, plaintiff appears to indicate that he is a "civilly committed detainee." (Docket No. 1 at 1). However, plaintiff has also provided his prison registration number, and has acknowledged that he is being held at the ERDCC, a state correctional facility. Moreover, review of the Missouri Department of Correction's online records show that plaintiff is a convicted state prisoner serving a ten-year sentence for, among other things, second-degree burglary. Therefore, the Court has determined that plaintiff is actually a convicted and sentenced state prisoner, and not a civilly committed detainee, for purposes of 28 U.S.C. § 1915 review.

3

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983, naming thirteen separate defendants: the Desoto City Council; the Desoto City Hall; the Desoto Police Department; the Desoto Police Chief; Jefferson County; the Jefferson County Sheriff's Department; the Jefferson County Sheriff; the Assistant Attorney General; the Attorney General; the Lieutenant Governor; the Governor; the "House Rep Mo"; and Missouri Senator. (Docket No. 1 at 1). Defendants are sued in an official capacity only.

Plaintiff's "Statement of Claim" is brief, vague, and confusing. He begins by stating that Officer Locke is the "only officer" to ever read him his rights, but that "she never arrested [him]." (Docket No. 1 at 3). Next, he appears to accuse individuals named Bova, Daily, and Robinson of not doing their jobs, apparently with regard to his arrest. Plaintiff concludes by asserting that he is suing "every [department]" because Jefferson County is supposed "to look out for them."

As a result, plaintiff is seeking astronomical sums of money from each defendant. For instance, he is asking for $300 billion from the Desoto City Council, and $60 trillion from the Governor. He also requests stock in various corporations.

## Discussion

Plaintiff has filed the instant action pursuant to 42 U.S.C. § 1983, naming thirteen separate defendants. For the reasons discussed below, this action must be dismissed.

### A. Desoto City Council and Desoto City Hall

A local governing body such as Desoto may be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an

4

unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of Desoto.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

1)  The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)  Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)  That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff has not alleged facts supporting the proposition that Desoto has an unconstitutional policy or custom, or that his constitutional rights were violated due to a deliberately indifferent failure to train or supervise. Indeed, other than naming the Desoto City Council and Desoto City Hall as defendants, there is no other mention of Desoto in the complaint, much less any facts establishing municipal liability. Such facts are necessary to sustain a municipal liability claim. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would

6

demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Therefore, plaintiff's claims against the Desoto City Council and Desoto City Hall must be dismissed.

### B.  Desoto Police Department

Plaintiff has named the Desoto Police Department as a defendant. However, the Desoto Police Department is a department of local government, and not a juridical entity, suable as such. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they were not suable entities). Because the Desoto Police Department is not a suable entity, the claim against it must be dismissed. Moreover, to the extent that Desoto could be substituted as the proper defendant, the Court has already explained that plaintiff has failed to adequately state a municipal liability claim.

### C.  Desoto Police Chief

Plaintiff has sued the Desoto Police Chief in an official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public

employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

The Desoto Police Chief is alleged to be employed by the City of Desoto. Thus, the official capacity claim against the Chief is actually a claim against Desoto itself. However, as previously discussed, plaintiff has failed to adequately allege a municipal liability claim against Desoto. Therefore, the claim against the Desoto Police Chief must be dismissed.

Even if the Desoto Police Chief had been sued in an individual capacity, the claim would still be subject to dismissal. Plaintiff has not provided any factual allegations demonstrating that the Desoto Police Chief violated his constitutional rights. Indeed, the Chief is not mentioned whatsoever, except where he is named as a defendant. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations).

### D.  Jefferson County

Plaintiff has named Jefferson County as a defendant. As previously noted, plaintiff can sustain a 42 U.S.C. § 1983 claim against a local governing body such as Jefferson County by alleging that a violation of his constitutional rights "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *See Mick*, 883 F.3d at 1079. *See also Marsh*, 902 F.3d at 751 (recognizing "claims challenging an

unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Here, however, there are no facts whatsoever to support the proposition that plaintiff was injured due to an unconstitutional policy, custom, or failure to train on the part of Jefferson County.

Instead, plaintiff seems to be trying to assert a respondeat superior claim. Specifically, he states that Jefferson County was "suppose[d] to look out for" the individuals he named in the "Statement of Claim." Leaving aside the vagueness of this contention, a local governing body "cannot be held liable solely because it employs a tortfeasor." *See Monell*, 436 U.S. at 690. *See also A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). For these reasons, plaintiff's claim against Jefferson County must be dismissed.

### E. Jefferson County Sheriff's Department

Plaintiff has named the Jefferson County Sheriff's Department as a defendant. However, the Sheriff's Department is a department of local government, and not a juridical entity, suable as such. *See Ketchum*, 974 F.2d at 82 (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *Owens*, 328 F.3d at 1027 (stating that "county jails are not legal entities amenable to suit"); and *De La Garza*, 18 Fed. Appx. at 437 (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Because the Jefferson County Sheriff's Department is not a suable entity, the claim against it must be dismissed. Moreover, to the extent that Jefferson County could be substituted as the proper defendant, the Court has already explained that plaintiff has failed to adequately state a municipal liability claim against it.

### F.  Jefferson County Sheriff

Plaintiff has sued the Jefferson County Sheriff in an official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White*, 865 F.3d at 1075. Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d 531, 535. *See also Brewington*, 902 F.3d 796, 800 (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep*, 460 F.3d at 986 (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

The Jefferson County Sheriff is alleged to be employed by Jefferson County. Thus, the official capacity claim against the Sheriff is actually a claim against Jefferson County itself. However, as previously discussed, plaintiff has failed to adequately allege a municipal liability claim against Jefferson County. Therefore, the claim against the Jefferson County Sheriff must be dismissed.

Even if the Jefferson County Sheriff were sued in an individual capacity, the claim would still be subject to dismissal. Plaintiff has not provided any factual allegations demonstrating that the Sheriff violated his constitutional rights. Indeed, the Sheriff is not mentioned whatsoever, except where he is named as a defendant. Simply placing a defendant's name in the caption is not enough to assert their responsibility. *See Allen*, 5 F.3d at 1153 (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych*, 83 Fed. Appx. at 855 (agreeing with district

10

court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations).

## G. Assistant Attorney General, Attorney General, Lieutenant Governor, Governor, "House Rep Mo.", and Missouri Senator

Plaintiff has sued the Assistant Attorney General, Attorney General, Lieutenant Governor, Governor, "House Rep Mo.", and Missouri Senator in their official capacities. As previously discussed, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d 531, 535. Because these defendants are all alleged to be employed by the State of Missouri, the official capacity claims against them are treated as a claim against the State of Missouri itself. Such a claim fails for two reasons.

First, the State of Missouri is not a 42 U.S.C. § 1983 "person." "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Because a state is not a person in an official capacity claim for money damages, plaintiff is missing an essential element of a § 1983 action. Therefore, the claim must be dismissed.

Second, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir.

1999). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception does not apply, because the Supreme Court has determined that § 1983 does not revoke the states' Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second

exception also does not apply because the State of Missouri has not waived sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

Here, plaintiff has sued the Assistant Attorney General, Attorney General, Lieutenant Governor, Governor, "House Rep Mo.", and Missouri Senator in their official capacities. As noted above, however, the Eleventh Amendment bars suit for damages against state officials acting in their official capacities. Furthermore, no exceptions to sovereign immunity are present in this case. Therefore, for this reason as well, plaintiff's official capacity claims against these defendants must be dismissed.

Even if the Court were to assume that the Assistant Attorney General, Attorney General, Lieutenant Governor, Governor, "House Rep Mo.", and Missouri Senator were named in their individual capacities, the claims would still be subject to dismissal. That is because these defendants do not have any allegations made against them. The only place they appear in the complaint is the section where plaintiff lists them as defendants. Simply listing a defendant's name is not enough to assert their responsibility. *See Allen*, 5 F.3d at 1153 (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych*, 83 Fed. Appx. at 855 (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations).

## H. Locke, Bova, Daily, and Robinson

In his "Statement of Claim," plaintiff briefly mentions individuals he identifies as Officer Locke, Bova, Dailey, and Robinson. Even if the Court were to assume plaintiff intended these persons to be listed as defendants, he has failed to state a claim against them. "To state a claim

under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

Here, plaintiff has not presented any factual allegations that can be construed as asserting that Locke, Bova, Dailey, or Robinson violated one of his constitutionally protected federal rights. Therefore, to the extent that plaintiff is attempting to bring claims against these defendants, the claims must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of January, 2021.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE